Caroline HARRINGTON et al., Plaintiffs,

v.

Barbara BLUM, Individually, and as Commissioner of the New York City Department of Social Services et al., Defendants.

No. 77 Civ. 6056.

United States District Court,
S. D. New York.

Jan. 17, 1980.

See also, D.C., 483 F.Supp. 1015.

Community Action for Legal Services, Inc., by Alice McInerney, Kathy Ann Bennett, Philip Damashek, Michael O'Connor, New York City, Paul Wilson, New York City, of counsel, for plaintiffs.

Robert Abrams, Atty. Gen., State of N.Y., by Marion Buchbinder, Asst. Atty. Gen., New York City, for defendant State of N.Y.

Allen G. Schwartz, Corp. Counsel, City of New York, New York City, Ilene Brown, New York City, of counsel, for defendant City of New York.

## MEMORANDUM OPINION

MOTLEY, District Judge.

*Case History*

This case was initiated in December, 1977, on behalf of public assistance applicants whose income and resources were so low that they were entitled to obtain food stamps at no cost and on an expedited basis. The complaint against officials of the City and State of New York alleged that the New York City Department of Social Services had no procedure for determining the eligibility for, and issuance of, expedited food stamp benefits to persons and households applying for public assistance.

Judge Frankel, initially assigned to this case, granted a temporary restraining order directing that the requested benefits be issued to the named plaintiffs. On December 22, 1977, the City defendants announced an Interim Plan for the provision of expedited food stamp benefits to public assistance applicants. On January 23, 1978, Judge Frankel denied plaintiffs' motion for a preliminary injunction and plaintiffs' motion for class certification.

Thereafter, on February 27, 1978, the City defendants implemented what shall be referred to as a "Permanent Plan" for providing expedited issuance of food stamp benefits to public assistance applicants. In July of that year, the City defendants filed a motion for summary judgment; the plaintiffs moved for leave to file a supplemental complaint adding several named plaintiffs and moved for class certification and partial summary judgment with respect to the "Permanent Plan."

After this case was transferred to the undersigned judge, the plaintiffs' motion to permit the filing of a supplemental complaint was granted, to the extent that the complaint was to be designated as an intervenors' complaint. The court also determined that class certification was appropriate and certified the following two classes:

CLASS A: All persons who applied for public assistance in New York City between April 1, 1977 to December 22, 1977 and who were eligible for emergency food stamp benefits.

CLASS B: All persons who applied for public assistance in New York City between February 28, 1978 and August 15, 1978 and who were accepted for public assistance and who were denied emergency food stamp benefits as a result of more restrictive eligibility criteria applied to them by the defendant than was permitted by State and federal law.

In a memorandum opinion filed October 17, 1979, the court denied the motion of the City defendants for summary judgment and granted plaintiffs' motion for partial summary judgment, to the extent that the court found that certain of defendants' policies and procedures violated federal law and regulations or state law with respect to the

"Permanent Plan" which affected Class B. In a memorandum endorsement dated November 15, 1979, the court granted: 1) the parties' request for leave until November 27, 1979, to submit summary judgment papers regarding Class A, and 2) a request for postponement of consideration of Class B relief until disposition of the Class A summary judgment motion.

*Motion before the Court*

On December 7, 1979, plaintiffs moved for an order granting partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

There is no genuine issue as to the following material facts:

1) The State defendants promulgated the New York State Food Stamp Certification Manual by 77 ADM 7, dated March 3, 1977. Said manual was effective on April 1, 1977 in all local social services districts in the State of New York.

2) Sections 2313 and 2314 of the New York State Certification Manual provided that all households at the zero purchase level for food stamps should be expeditiously issued food stamp benefits pursuant to the certification pending verification procedure.

3) The City defendants did not implement a procedure to provide expedited food stamps (emergency food stamps) to New York City public assistance applicants until December 22, 1977.

*Class A*

The Class A plaintiffs allege that defendants violated both their own and federal food stamp regulations by failing to implement a procedure to provide emergency food stamps to New York City public assistance applicants between April 1, 1977, and December 22, 1977. The Class A plaintiffs allege that defendants failed to provide emergency 30-day certification for those Class A households whose applications indicated an income so low that they were likely to be entitled to full certification with a zero purchase requirement—that is, these applicants would be eligible to obtain food stamps at no cost. The relevant feder-

al regulation in effect at the time was Food Stamp Reg. § 271.4(a)(2)(iii), 7 C.F.R. § 271.4(a)(2)(iii) (1978), 40 Fed.Reg. 1890 (1975), which provided that "[c]ertification may be made for 30 days without verification of eligibility factors with respect only to households which report an income so low that they have no purchase requirement and which appear, on the basis of other information furnished, to be eligible for participation."

In interpreting Food Stamp Reg. § 271.4(a)(2)(iii), this court is guided by the detailed analysis of that regulation in *Tyson v. Norton*, 390 F.Supp. 545 (D.Conn.), *aff'd in part, vacated & remanded in part on other grounds*, 523 F.2d 972 (2d Cir. 1975). In *Tyson*, the court concluded that "the defendants are not now operating a program of preliminary 30-day certifications which insures that all households with very low incomes are given the same consideration for such emergency certification and immediate receipt of their ATP's [Authority to Purchase cards]." *Id.* at 564. The *Tyson* court held: "Having elected under Food Stamp Reg. § 271.4(a)(2)(iii) to provide 30-day emergency certifications, the defendants are bound to operate the program in a nonarbitrary manner so as to insure equal treatment for all similarly situated low income households." *Id.*

In the case at hand, defendants clearly violated Food Stamp Reg. § 271.4(a)(2)(iii), as interpreted in *Tyson*. By promulgating the New York State Certification Manual, in which Sections 2313 and 2314 provided for expedited issuance of food stamp benefits, the State of New York elected to provide 30-day emergency certification. By failing to implement a procedure to provide emergency food stamps to New York City public assistance applicants, defendants failed "to operate its program in a nonarbitrary manner so as to insure equal treatment for all similarly situated low income households." As a result, Class A households did not receive emergency food stamps solely on the basis of their residency in New York City. Defendants' failure to implement a procedure to provide emergen-

cy food stamps to New York City public assistance applicants, despite the State's election to provide such benefits, was hardly equal treatment as mandated in *Tyson*. Thus, this court concludes that defendants' policies and procedures violated Food Stamp Reg. § 271.4(a)(2)(iii) and the Food Stamp Act of 1964, 7 U.S.C. § 2011 *et seq.*

Given the flagrant violation of Food Stamp Reg. § 271.4(a)(2)(iii) and *Tyson's* requirement of "nonarbitrary" and "equal treatment," the court need not address plaintiffs' numerous other arguments against defendants' policies and procedures between April 1, 1977, and December 22, 1977. The court should note, however, the defendants' arguments in opposition to partial summary judgment are without merit.

The City defendants argue that the City has maintained public assistance and food stamps as two separate and distinct programs and that during the period in question emergency food stamps were available at Food Stamp Centers. The court appreciates the nature of the distinction between the two programs, but the argument is of no relevance in light of the fact that there was no procedure to provide emergency food stamps to New York City public assistance applicants, despite an obligation to provide such benefits to *all* eligible households on an equal basis. It is beyond dispute that defendants did *not* implement a procedure to provide emergency food stamps to New York City public assistance applicants until December 22, 1977. Even apart from the reasons discussed above, this failure to implement a procedure was contrary to the requirements of Sections 2313 and 2314 of the New York State Certification Manual.

The State defendants argue that the State defendants met their responsibility by ensuring that an emergency food stamp program was implemented by the local districts as quickly as administratively possible. This argument overlooks defendants' obligations under state and federal regulations. The State defendants promulgated the New York State Certification manual effective April 1, 1977. On that date, pursuant to Sections 2313 and 2314, the State was obligated to provide emergency food stamp benefits, not merely to begin attempts to implement appropriate programs. By electing to provide emergency food stamp benefits, effective April 1, 1977, the State was obligated to operate a program in a nonarbitrary manner, not merely to begin attempts to operate a program in a nonarbitrary manner. The position advanced by the State defendants would justify denial of food stamp benefits to eligible households based merely on "good faith" attempts to implement required programs.

The State defendants have recently suggested that relief in the form of retroactive food stamp benefits would be barred by the Eleventh Amendment, in light of 7 C.F.R. § 273.17 (1979). Section 273.17 limits restoration of lost benefits to those situations in which benefits were lost no more than 12 months prior to notification to the State of possible loss to a specific household. The State defendants argue that this regulation effectively prohibits restoration of benefits to members of Class A; thus, the United States Department of Agriculture would not reimburse the State for any retroactive food stamp benefits given to members of Class A.

The court declines to consider this argument at this time. The court, in its memorandum endorsement of November 15, 1979, specifically postponed the consideration of relief pending a final determination of liability in this action. The formulation of relief in this case poses intricate issues which must be fully briefed by the parties in accordance with the court's order of this date.

*Conclusion*

For the reasons stated above, plaintiffs' motion for partial summary judgment is granted to the extent that the court finds in this opinion that certain of defendants' policies and procedures violated federal law and regulations or state law, with respect to Class A.